UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| LAPORTE, DAVID P | ) | CASE NO. 08-18289-MB |
| | ) | |
| Debtor. | ) | Hon. Manuel Barbosa |

**TRUSTEE'S FINAL REPORT**

To:   THE HONORABLE Manuel Barbosa
      BANKRUPTCY JUDGE

     NOW COMES THOMAS E. SPRINGER, Trustee herein, and respectfully submits to the Court and to the United States Trustee his Final Report in accordance with 11 U.S.C. §704(9).

     1.    The Petition commencing this case was filed on July 16, 2008. THOMAS E. SPRINGER was appointed Trustee on July 16, 2008. The Trustee's bond in this case is included as part of the Trustee's blanket bond coverage.

     2.    The Trustee certifies that he has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code. The nonexempt assets of the estate have either been converted to cash, disposed of under orders of this Court, or will be abandoned upon case closing; there is no other property belonging to the estate; there are no matters pending or undetermined; claims have been reviewed; and all claim objections have been resolved to the best of the Trustee's knowledge. The Trustee has not found it advisable to oppose the Debtor's discharge. The Trustee certifies that this estate is ready to be closed. The tasks performed by the Trustee are set forth on Exhibit A.

     3.    The disposition of estate property is set forth in Exhibit B. The scheduled value of property abandoned is $7,000.00. The property abandoned, or sought to be abandoned, along with the reasons for such abandonment, is described in Exhibit B.

     4.    A summary of the Trustee's Final Report as of March 17, 2009 is as follows:

     a.    RECEIPTS (See Exhibit C)    $ 11,500.98
     b.    DISBURSEMENTS (See Exhibit C)    $ 9.10
     c.    NET CASH available for distribution    $ 11,491.88
     d.    TRUSTEE/PROFESSIONAL COSTS:
          1.    Trustee compensation requested    $1,900.10
              (See Exhibit E)

   2.  Trustee Expenses (See Exhibit E)  $0.00
   3.  Compensation requested by
      attorney or other professionals
      for trustee (See Exhibit F)
      (a.)  THOMAS E. SPRINGER  $1,881.50
         Attorney for Trustee fees

 5. The Bar Date for filing unsecured claims expired on December 8, 2008.

 6. All claims filed in this case with the Clerk of the Bankruptcy Court have been reviewed by the Trustee (Exhibit D). The actual dollar amount of claims allowed and/or requested for this estate is as follows:

  a.  Allowed unpaid secured claims  $0.00

  b.  Chapter 7 administrative claims  $3,781.60
     and 28 U.S.C. §1930 claims

  c.  Allowed Chapter 11 administrative  $0.00
     Claims

  d.  Allowed priority claims  $0.00

  e.  Allowed unsecured claims  $113,962.52

 7. Trustee proposes that unsecured creditors receive a distribution of 6.77% of allowed claims.

 8. Total compensation previously awarded to Trustee's counsel, accountant or other professional was $0.00. Attorney for Trustee, THOMAS E. SPRINGER, fees requested but not yet allowed is $1,881.50. The total of Chapter 7 professional fees and expenses requested for final allowance is $1,881.50.

 9. A fee of $2,000.00 was paid to Debtor's Counsel for services rendered in connection with this case, and no basis appears to request an examination of those fees pursuant to 11 U.S.C. §329.

 **WHEREFORE,** the Trustee certifies under penalty of perjury that the above statements are true and correct and requests the Court to provide for notice and a hearing pursuant to 11 U.S.C. §§330(a), 502(b) and 503(b). The Trustee further requests that the Court award final compensation and reimbursement of expenses and make final allowance of the administrative

claims and expenses stated in this Report, and for such other relief as the Court shall deem proper.

DATE:  March 20, 2009    RESPECTFULLY SUBMITTED

/s/ Thomas E. Springer /s/

THOMAS E. SPRINGER, TRUSTEE